The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>CHAS. H. BERESFORD CO., INC., and CHARLES H. BERESFORD CO., INC., Washington corporations,<br><br>Defendants. | Case No. 2:21-cv-00093-RSM<br><br>**PLAINTIFFS, THE CHARTER OAK FIRE INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S, MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>April 30, 2021<br><br>**Oral Argument Requested** |

## I.   INTRODUCTION

This is an insurance coverage action in which the plaintiffs, The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America (together "Travelers"), assert that insurance coverage is not available to the defendants, Chas. H. Beresford Co., Inc. and Charles H. Beresford Co., Inc. (together "Beresford"), for claims in a lawsuit entitled *Northshore School District v. Chas. H. Beresford Co., Inc.*, King County Superior Court No. 20-2-18141-2 SEA ("Underlying Action").[1]  The Underlying Action seeks

---

[1] Travelers does not believe that coverage exists for the Underlying Action, and its defense to coverage for damages arising out of asbestos contamination is ripe for early adjudication. Travelers has agreed to defend Beresford under a reservation of rights and by this Motion for Partial Summary Judgment seeks a ruling only with respect to coverage for alleged asbestos damages.  Travelers reserves the right to bring a subsequent motion addressing other damages in the future as the case develops.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 1

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax

damages from Beresford for a breach of a contract for renovations at a school, including damages arising out of the discharge and dispersal of asbestos fibers throughout the school. Damages arising out of the discharge and dispersal of asbestos fibers from Beresford's work are excluded, however, by broad asbestos exclusions in the Travelers Policies (as defined herein). Accordingly, Travelers seeks by partial summary judgment:

   (a)   A declaration on its Second Claim for Relief that it has no obligation to indemnify Beresford for damages sought in the Underlying Action arising out of the discharge of asbestos, asbestos fibers and asbestos containing materials; and

   (b)   On Beresford's Counterclaim seeking coverage for damages arising out of the discharge of asbestos, asbestos fibers and asbestos containing materials.

## II.   BACKGROUND

### A.   The Underlying Action

Northshore School District ("Northshore") filed its original Complaint in the Underlying Action on December 21, 2020.  On or about March 16, 2021, Northshore filed an Amended Complaint.  With regard to the damages that are the subject of this motion – damages arising out of the release and dispersal of asbestos, the original Complaint and the Amended Complaint are substantively identical.

The Amended Complaint alleges that Northshore operates the Lockwood Elementary School in Bothell, Washington and hired Beresford for a school improvement project (the "Project").  Declaration of Alex Wozniak ("Wozniak Decl.") Ex. 1 ¶¶ 5-16.  The Project included the replacement of flooring throughout the school and upgrades to the school bathrooms. *Id.*  Beresford did the flooring work and hired Cobra Construction Company ("Cobra") as a subcontractor for the bathroom work.  *Id.*  While performing the bathroom work, Cobra "improperly and negligently disturbed asbestos containing materials ('ACM') in the bathroom wall cavities" of the school, and in doing so caused significant and extensive damage to the school by causing the release, discharge and dispersal of asbestos throughout the school.  *Id.* ¶ 28.  In addition, the Amended Complaint claims that:

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 2

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax

- On or about July 2, 2020, Northshore's environmental consultant identified asbestos in the restrooms and in other locations at the Project. *Id.* ¶¶ 30-35.
- It was determined that when Cobra performed its work, asbestos-containing hard fittings were removed from the piping and some were dropped into the wall cavities. *Id.* ¶¶ 34, 39.
- Residual ACM was observed in the wall cavities and on the pipe fittings. *Id.* ¶ 40.
- Samples collected from different rooms throughout the school revealed asbestos contamination in several areas, including throughout classroom wings and the school gym. *Id*. ¶¶ 41-42.
- The HVAC system was determined to be impacted by asbestos contamination. *Id.* ¶ 43.
- Asbestos contamination had impacted various items of School District property and personal property at the school. *Id.* ¶ 45.
- It was determined that extensive cleaning, remediation and repairs would be required to eliminate the asbestos and remediate the damage throughout the school, including but not limited to the classrooms, gym and the HVAC system. *Id*. ¶¶ 48-49.
- By causing or allowing the asbestos disturbance and attendant property damage, Beresford breached its contract with Northshore. *Id*. ¶¶ 57-58.
- Because of Beresford's breaches of contract, Northshore had been and will be required to fund substantial costs to remediate the property damage. *Id*. ¶ 59-60.

On December 30, 2020, Beresford tendered the Underlying Action to Travelers for defense and indemnity under the Travelers Policies (as defined below). Wozniak Decl. Ex. 2. By letter dated January 25, 2021, Travelers denied there was any defense and indemnity coverage under the Travelers Policies based upon, *inter alia*, the asbestos exclusions in the Travelers Policies, but nevertheless agreed to defend Beresford under a full reservation of rights. Wozniak Decl. Ex. 3. Travelers concedes that in the Amended Complaint, Northshore has

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 3

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax

potentially made a claim for damages that are not arising out of the discharge of asbestos contamination, (Wozniak Decl. Ex. 1 ¶¶ 24-27), and this motion does not address those damages.[2]

### B. The Insurance Policies and the Asbestos Exclusions

The Charter Oak Fire Insurance Company issued Commercial Insurance Policy No. Y-630-9N857616-COF-19 (the "Primary Policy"), under which both defendants are named insureds. The Primary Policy was in effect from October 31, 2019 to October 31, 2020. Wozniak Decl. Ex. 4.

Subject to its terms, conditions, limitations, and exclusions, the Commercial General Liability ("CGL") Coverage Part of the Primary Policy provides in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>     **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>         **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
>         **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

---

[2] Travelers reserves the right to seek relief with regard to the lack of insurance coverage for the newly alleged damages.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (2:21-cv-00093-RSM) - 4

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
503.241.2300 main · 503.778.5299 fax

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; . . .

*Id*. at 96.

The Primary Policy also contains the following exclusion ("Asbestos Exclusion"):

**2. Exclusions**

This insurance does not apply to:

. . .

**s. Asbestos**

    **(1)** "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the "bodily injury" or "property damage" is caused or contributed to by the hazardous properties of asbestos.

    **(2)** "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, and that are part of any claim or "suit" which also alleges any "bodily injury" or "property damage" described in Paragraph **(1)** above.

    **(3)** Any loss, cost or expense arising out of any:

        **(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, asbestos, asbestos fibers or products containing asbestos; or

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (2:21-cv-00093-RSM) - 5

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
503.241.2300 main · 503.778.5299 fax

   **(b)** Claim or suit by or on behalf of any governmental authority or any other person or organization because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effect of, asbestos, asbestos fibers or products containing asbestos.

*Id*. at 97, 100-101.

  Both defendants are also insureds under an Excess Follow-Form and Umbrella Liability Insurance Policy No. CUP-9N868772-19-14 (the "Umbrella Policy") issued by Travelers Property Casualty Company of America, which was also in effect from October 31, 2019 to October 31, 2020.  Wozniak Decl. Ex. 5.

  Subject to its terms, conditions, limitations, and exclusions, the Umbrella Policy provides in relevant part:

  **SECTION I – COVERAGES**

  **A.  COVERAGE A – EXCESS FOLLOW-FORM LIABILITY**

   **1.** We will pay on behalf of the insured those sums, in excess of the "applicable underlying limit", that the insured becomes legally obligated to pay as damages to which Coverage **A** of this insurance applies, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance. . . .

   **2.** Coverage **A** of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except with respect to any provisions to the contrary contained in this insurance.

*Id*. at 8.

  Coverage B of the Umbrella Policy also contains an Asbestos Exclusion similar in form and substance to that in the Primary Policy. *Id*. at 14.

### III. ARGUMENT

  Based on the Asbestos Exclusions in the Primary Policy and the Umbrella Policy (together the "Travelers Policies"), Travelers is entitled to a partial summary judgment as a

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 6

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax

matter of law that no coverage is provided for damages sought in the Underlying Action arising out of the discharge or dispersal of asbestos, asbestos fibers, or asbestos containing materials.

### A.  Partial Summary Judgment on Coverage for the Underlying Action is Appropriate

The court can grant summary judgment when the record establishes that there is no dispute as to the material facts and, as a matter of law, the movant is entitled to judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof.  *Id.*  Summary judgment cannot be avoided by merely raising factual issues that are not material or that are irrelevant or unnecessary.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In Washington, the interpretation of an insurance policy is a matter of law.  *Overton v. Consolidated Ins. Co.*, 145 Wn.2d 417, 424 (2002).  "The terms of a policy should be given a 'fair, reasonable and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Id* (quoting *Sears v. Grange Ins. Ass'n*, 111 Wn.2d 636, 638 (1988).  An insurance policy is construed as a contract, considering the policy as a whole, and giving it a fair, reasonable and sensible construction.  *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 142 Wn.2d 654, 665-66 (2000); *Key Tronic Corp., Inc. v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 124 Wn.2d 618, 627 (1994).  If the policy language is clear and unambiguous, the court must enforce it as written and may not create ambiguity where none exists.  *Great Am. Ins. Co. v. Sea Shepherd Conservation Soc'y*, No. C13–1017-RSM, 2014 WL 2170297, at *5 (W.D. Wash. 2014) (citing *Quadrant Corp. v. American States Ins. Co.*, 154 Wn.2d 165, 171 (2005)).

### B.  The Asbestos Exclusion Bars Coverage for the Asbestos Related Damages Sought in the Underlying Action

In the Underlying Action, Northshore seeks damages from Beresford because asbestos containing materials were "improperly and negligently disturbed" in the wall cavities, which "asbestos disturbance in turn caused significant and extensive damage to building components

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (2:21-cv-00093-RSM) - 7

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax

and other property throughout the school." Wozniak Decl. Ex. 1 at ¶ 28. Northshore claims that "asbestos contamination had impacted various items of School District and personal property" at the school, and that "extensive cleaning, remediation, and repairs would be required to eliminate the asbestos and remediate the damage throughout the school." *Id.* at ¶¶ 45, 48 and 49. Thus, Northshore seeks damages arising out of the "presence or … dispersal of asbestos, asbestos fibers or products containing asbestos," and seeks the costs allegedly required to address and remediate the asbestos that was disbursed throughout the school, all of which are damages excluded by the Asbestos Exclusions.

As set forth above, each of the Travelers Policies contains an Asbestos Exclusion that excludes:

- property damage *arising out of* the "actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos," provided that the property damage is caused or contributed to by the hazardous properties of asbestos. Asbestos Exclusion § (1) (*emphasis added*);

- any "loss, cost or expense" *arising out of* "any . . . [r]equest, demand, order or statutory or regulatory requirement" that anyone clean up, remove, treat, or in any way respond to or assess the effects of asbestos, asbestos fibers or products containing asbestos. Asbestos Exclusion § (3)(a) (*emphasis added*).

The asbestos exclusions in the Travelers Policies preclude coverage for damages "arising out of" the discharge and/or dispersal of asbestos, asbestos fibers, or products containing asbestos. Under Washington law, the phrase "arising out of" is "unambiguous" and when used in exclusions and other policy provisions "has a broader meaning than 'caused by' or 'resulted from.' It is ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of,' or 'flowing from.'" *Toll Bridge Auth. v. Aetna Ins. Co.,* 54 Wn. App. 400, 404 (1989) (internal citation omitted) (citing *Avemco Ins. Co. v. Mock*, 44 Wn. App. 327, 329 (1986)). *See*

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (2:21-cv-00093-RSM) - 8

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
503.241.2300 main · 503.778.5299 fax

also *Trident Seafoods Corp. v. Ace Am. Ins. Co.*, 668 F. App'x 793, 794 (9th Cir. 2016); *Krempl v. Unigard Sec. Ins. Co.*, 69 Wn. App. 703, 707 (1993); *Goodman v. N.H. Ins. Co.*, No. C09–1493-RSM, 2010 WL 4281682, at *5-6 (W.D. Wash. 2010).

The main focus of Northshore's action is that Beresford is liable for damages "arising out of" the dispersal of asbestos throughout the school, including but not limited to the classrooms, the gym and the HVAC system. Northshore claims that the asbestos contamination caused significant and extensive damage to the school, and that contamination required remediation, the expenses for which Northshore seeks to recover. It is clear that even if Northshore's damage claims are all true, the damages sought are "arising out of" the dispersal of asbestos fibers throughout the school and are expressly excluded by the Asbestos Exclusions.

Finally, Beresford may argue that the Court cannot apply the Asbestos Exclusion to preclude coverage without first conducting an efficient proximate cause analysis under *Xia v. ProBuilders Specialty Insurance Co.*, 188 Wn.2d 171 (2017). Such an analysis, however, is unnecessary. This Court and Washington state courts have long held that exclusions employing "arising out of" language for application of the exclusion are not the proper subject of an efficient proximate cause analysis. *See Goodman*, 2010 WL 4281682, at *5-6 (Washington courts have held that efficient proximate cause rule does not apply to exclusionary clauses that use "arising out of"); *Mut. of Enumclaw Ins. Co. v. Patrick Archer Constr., Inc.*, 123 Wn. App. 728, 740 (2004) ("efficient proximate cause rule does not apply to insurance exclusions that employ the term 'arising out of'"); *Toll Bridge*, 54 Wn. App. at 407 ("'Arising out of' and 'proximate cause' describe two different concepts"). Thus, the efficient proximate cause analysis suggested by *Xia* does not apply to the application of the Asbestos Exclusions in the Travelers Policies, and coverage is unambiguously excluded for damages arising out of asbestos that are claimed in the Underlying Action.[3]

---

[3] Even if an efficient proximate cause analysis were to be performed with regard to application of the Asbestos Exclusions (which Washington courts have repeatedly held would be inappropriate given the language of these exclusions), the allegations of the Amended Complaint make clear that the alleged improper/negligent work in removing asbestos insulation from the plumbing was the cause of the release of the asbestos fibers that contaminated

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (2:21-cv-00093-RSM) - 9

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax

## IV.     CONCLUSION

For the foregoing reasons, Travelers requests that the Court enter partial summary judgment (a) declaring that the Travelers Policies do not provide coverage for those damages in the Underlying Action that are arising out of the discharge or dispersal of asbestos, asbestos fibers or asbestos containing materials; and (b) on Beresford's Counterclaim seeking coverage for damages arising out of the discharge of asbestos, asbestos fibers and asbestos containing materials.

DATED this 7th day of April, 2021.

**Davis Wright Tremaine LLP**
Attorneys for The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America

By  *s/ Everett W. Jack, Jr.*
   Everett W. Jack, Jr., WSBA No. 47076
   1300 SW Fifth Avenue, Suite 2400
   Portland, OR  97201-5610
   Telephone: 503-778-5218
   Fax: 503-778-5299
   E-mail: jacke@dwt.com

By  *s/ Nancy A. Brownstein*
   Nancy A. Brownstein, WSBA No. 50150
   Davis Wright Tremaine LLP
   920 Fifth Avenue, Suite 3300
   Seattle, WA 98104-1610
   Telephone: 206-622-3150
   Facsimile: 206-757-7700
   Email: nancybrownstein@dwt.com

---

the school.  As such, the Asbestos Exclusions would still apply to preclude coverage for those damages arising out of asbestos contamination.  *See Xia*, 188 Wn.2d at 188 (if initial peril that sets in motion causal chain is the polluting event, pollution exclusion applies).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (2:21-cv-00093-RSM) - 10

Davis Wright Tremaine LLP
LAW OFFICES
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
503.241.2300 main · 503.778.5299 fax