The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>CHAS. H. BERESFORD CO., INC., and CHARLES H. BERESFORD CO., INC., Washington corporations,<br><br>Defendants. | Case No. 2:21-cv-00093-RSM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>**April 30, 2021**<br><br>**Oral Argument Requested** |

In its Opposition to Travelers' Motion, Beresford does not dispute that the Asbestos Exclusion bars coverage for the asbestos-related damage to the school. However, as anticipated and despite long-standing Washington law to the contrary, Beresford attempts to avoid the unambiguous language of the exclusion by arguing that an efficient proximate cause analysis precludes application of the Asbestos Exclusion. Beresford strains to contend that a loss that was clearly caused by the presence of asbestos was actually caused by some other "covered peril" that was the efficient proximate cause of all of the damages sought by the Northshore School District. Beresford's argument is plainly wrong for three simple reasons.

*First,* an efficient proximate cause analysis pursuant to *Xia v. ProBuilders Specialty Insurance Co.*, 188 Wn.2d 171 (2017), is only done when there is more than one event that caused the loss. Here, the event that is alleged to have caused all the damages was alleged

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

negligent work involving the removal of asbestos from the bathroom pipes that caused the immediate release of asbestos fibers. There was no sequence of events and no "causal chain" that led to the eventual release and dispersal of asbestos fibers. *Second*, an efficient proximate cause analysis is not applicable to the Asbestos Exclusion in the Travelers Policies because the exclusion is clear, broad, and applies to property damage "arising out of" the dispersal of asbestos or asbestos fibers. Therefore, *Xia* and its efficient proximate cause analysis have no application. *Third*, even if an efficient proximate cause analysis were required and performed, the Asbestos Exclusion would still apply to preclude coverage because the "initial" asbestos-releasing event was the alleged negligent work in removing asbestos while working on the bathroom pipes and is not a covered peril.

Travelers is thus entitled to partial summary on its Second Claim for Relief and on Beresford's Counterclaim that it has no obligation to indemnify Beresford for damages sought in the Underlying Action arising out of the discharge of asbestos, asbestos fibers and asbestos containing materials.

## I.   ARGUMENT

### A.   There Is Only One Cause of Loss and Therefore an Efficient Proximate Cause Analysis Does Not Apply to the Asbestos Exclusion

In order for the efficient proximate cause analysis to apply, there has to be a chain or sequence of causal events, not just one. *Vision One, LLC v. Phila. Indem. Ins. Co.*, 174 Wn.2d 501, 519 (2012) ("The efficient proximate cause rule applies only when two or more perils combine in sequence to cause a loss and a *covered peril* is the predominant or efficient cause of the loss."). As this Court held recently in *United Specialty Insurance Co. v. Shot Shakers, Inc.*:

> "[w]hen, however, the evidence shows the loss was in fact occasioned by only a single cause, albeit one susceptible to various characterizations, the efficient proximate cause analysis has no application." In other words, "[a]n insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss."

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

No. C18-0596JLR, 2019 WL 199645, at *11 (W.D. Wash. Jan. 15, 2019) (citation omitted) (quoting *Kish v. Ins. Co. of N. Am.*, 125 Wn.2d 164, 170 (1994)).

The allegations of the Amended Complaint in the Underlying Action make clear that Cobra's alleged improper and unauthorized work in removing asbestos-containing hard fittings from the piping and dropping the fittings into the wall cavities was the sole cause of the release of the asbestos containing materials ("ACM") that contaminated the school. There is no other event alleged to have caused the release of asbestos fibers into several areas of the school. Specifically, the Amended Complaint alleges that:

- "Cobra improperly performed work to existing plumbing components in the wall cavities of the school, including removing 'hard fittings' from existing in-wall plumbing components and replacing certain existing piping." Dkt. 13 at p. 8, ¶ 25.
- "In conjunction with improperly removing the 'hard fittings' from existing in-wall plumbing components, Cobra improperly discarded some hard fittings within the school's wall cavities." *Id*. ¶ 26.

The Amended Complaint goes on to allege that, once the School District first learned of Cobra's disturbance of ACM in early July 2020, the School District held a tour of the school with its environmental consultant and Cobra. *Id*. at p. 9, ¶¶ 29-31. Significantly, during the July 2 tour of the school:

- "Cobra's president indicated that Cobra was aware the hard fittings on existing plumbing contained ACM, and that Cobra knew not to disturb these materials as part of its work." *Id*. ¶ 32.
- "It was determined that hard fittings with ACM had been removed from the existing piping and dropped to the bottom of the wall cavity." *Id*. ¶ 34.
- "In addition, residual ACM was observed in locations where new piping had been installed." *Id*. ¶ 35.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

- "When the situation was reviewed again the next day, it was determined (and Cobra acknowledged) that Cobra had stripped hard fittings off certain pipes in the school bathroom wall cavities." *Id*. ¶ 36.
- "When Cobra performed this work, the *asbestos-containing* hard fittings were removed from the piping and some were dropped into the wall cavities" and "[r]esidual ACM was observed in the wall cavities and on the pipe fittings." *Id*. at p. 10, ¶¶ 39-40 (emphasis added).

In this case, there was only one event that allegedly caused the school to be contaminated with asbestos and require remediation and repair – Cobra's removal of asbestos as part of its plumbing work. The fact that Cobra was allegedly unauthorized to work on the pipes in the wall and was not hired to do any asbestos abatement, does not change the fact that its work on the plumbing caused the damages claimed. There was no preceding or subsequent event, and therefore the efficient proximate cause analysis does not apply. *See Aqua Star (USA) Corp. v. Travelers Cas. & Sur. Co. of Am.*, 719 F. App'x 701, 702 (2018) ("Washington's rule of efficient proximate cause does not help Aqua Star because that rule 'applies only when two or more *perils* combine in sequence to cause a loss and a *covered peril* is the predominant or efficient cause of the loss.").

In its Opposition, Beresford makes much of the allegations of the Amended Complaint that are described under the heading "Initial Damage to Lockwood Elementary." *See* Dkt. 13 at 8. While these allegations purport to describe some "damage to existing conditions" in the wall cavities, they do not describe a separate event. In fact, the description of this "Initial Damage" is that it included "removing 'hard fittings' from existing in-wall plumbing components," which is the very act that allegedly caused the release of asbestos throughout the school. *Id.* at ¶ 27. ("The unauthorized work referenced in paragraphs 24-26 caused property damage and resulted in significant additional damage to areas throughout the school as set forth in Section D below.")

All of Cobra's work was one event. Placing a heading on those allegations and calling it "initial damage" does not create a separate peril or a sequence of events. As acknowledged by

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 4

this Court, "[a]n insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss." *Shot Shakers*, 2019 WL 199645, at *11 (alteration in original) (citation omitted). This is not, as Beresford suggests, a situation where Cobra's work on the school plumbing was negligent and then a later event resulted in the dispersal of asbestos fibers – the dispersal of asbestos occurred immediately upon Cobra's alleged negligent work on the bathroom pipes. There was no second peril and therefore the Asbestos Exclusion applies. Beresford's attempt to create a second event or peril is unavailing. *See Whitney Equip. Co., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 431 F. Supp. 3d 1223, 1231 (W.D. Wash. 2020) (where there is only one peril, the insured may not avoid a clear and unambiguous exclusion).

In *Whitney*, the court rejected the policyholder's attempt to create a separate peril in order to evade the application of an exclusion. In *Whitney*, Travelers provided employee theft coverage to Whitney, and Exclusion R precluded coverage for "loss resulting directly or indirectly from the giving or surrendering of Money . . . in any exchange or purchase, whether or not fraudulent, with any other party not in collusion with an Employee." *Id.* at 1230. The employee, Whitney's controller, was accused of using a company credit card for personal use and manipulating the company's internal systems to increase company assets to trigger bonuses and paid vacations for multiple employees. The Court held that the Travelers policy covered the theft of money by use of the credit card and also the company bonuses and paid vacations, but also found that Exclusion R precluded coverage for payments made by Whitney for products and services in connection with the company-paid vacations. The policyholder argued that Exclusion R was an attempt to avoid Washington's efficient proximate cause rule. The Court, citing *Kish*, *Vision One*, and *Xia*, rejected that argument finding that there was no secondary peril in the case. The Court wrote:

> There is no secondary peril in this case. The insuring agreement represents Travelers promise to pay for the loss of money caused by employee theft. . . . Where, as here, there is only one peril – loss caused by employee theft – the insured may not avoid a clear and

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

> unambiguous contractual exclusion that limits the type of recoverable damages arising from that peril.

*Id.* at 1231.

In this case, there is also only one peril – the work on the pipes that caused the dispersal and discharge of asbestos throughout the school. As a result, coverage for the claim is excluded by the Asbestos Exclusion.

### B. An Efficient Proximate Cause Analysis Is Not Applicable to Policy Exclusions Based Upon "Arising Out Of" Language

As set forth in Travelers' opening brief, this Court and Washington State courts have long held that the phrase "arising out of" when used in an insurance policy exclusion is "unambiguous and has a broader meaning than 'caused by' or 'resulting from.'" *See Goodman v. N.H. Ins. Co.*, No. C09-1493-RSM, 2010 WL 4281682 (W.D. Wash.), at *5-6. "'Arising out of' does not mean 'proximately caused by.'" *Id.* (citing *Toll Bridge Auth. v. Aetna Ins. Co.*, 54 Wn. App. 400, 407 (1989)) ("'Arising out of' and 'proximate cause' describe two different concepts").

In *Toll Bridge*, the Court of Appeals ruled that there was no coverage for the Toll Bridge Authority for damages arising out of a ferry accident when a driver drove off the ferry before her turn and hit and injured four foot passengers who were still on the ramp. The policies issued by Aetna and INA contained endorsements that precluded coverage for "incidents 'arising out of the operation, maintenance or use of any watercraft . . . .'" 54 Wn. App. 400, 403. At issue was whether the accident "arose out of" the "operations, maintenance or use" of the ferry and was therefore excluded. The Court of Appeals held that the phrase "'arising out of' is unambiguous and has a broader meaning than 'caused by' or 'resulted from'" and is "ordinarily understood to mean 'originating from', 'having its origin in', 'growing out of', or 'flowing from.'" *Id*. at 404 (citation omitted). The Authority argued that the accident occurred on the ramp to the dock not

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

on the ferry itself, and therefore there was a question as to whether the proximate cause of the injuries was crew negligence or dock inadequacy.  The Court discussed the concept of efficient proximate cause and rejected the Authority's argument holding that the cases cited by the Authority were distinguishable because they did not involve "arising out of" language and used exclusionary language that "logically raised the causation issues decided by the court." *Id.* at 406.  "'Arising out of' and 'proximate cause' describe two different concepts." *Id.* at 407.  *See also Mut. of Enumclaw Ins. Co. v. Patrick Archer Constr., Inc.,* 123 Wn. App. 728, 740 (2004) ("efficient proximate cause rule does not apply to insurance exclusions that employ the term 'arising out of'").

While Beresford is correct that the *Toll Bridge Authority* case and other cases cited that follow *Toll Bridge* predate *Xia*, they are no less applicable post-*Xia*.  The exclusionary language in *Xia* did not contain the "arising out of" language.  It contained the language "caused by" and "resulting from," – the exact language rejected in *Toll Bridge*.  In fact, a recent decision from this Court, citing *Toll Bridge*, rejected the application of efficient proximate cause to an exclusion that used the "arising out of" language.  *See Am. Alt. Ins. Corp. v. Goodwill of the Olympics & Rainier Region*, No. C17-5978 BHS, 2020 WL 236759, at *4 (W.D. Wash. Jan. 15, 2020) ("When an exclusion precludes coverage for injuries arising out of a certain event, a 'determination of proximate cause is not a necessary precedent to determination of coverage' because that would do 'violence to the plain language of the policy.'").[1]  There is nothing in the

---

[1] In its opposition, Beresford relies on *Country Mutual Insurance Co. v. Evergreen Landing LLC*, No. C20-5337 RJB-TLF, 2020 WL 6044505 (W.D. Wash. Oct. 13, 2020).  That reliance is misplaced.  *Country Mutual* examined efficient proximate cause in connection with the insurer's duty to defend, not indemnify and did not cite to or discuss the case law regarding the significance of the "arising out of" language.  Similarly, Beresford's claim that the court in *Xia* cited with approval its decision in *Kent Farms, Inc. v. Zurich Insurance Co.*, 93 Wn. App. 414 (1998), is also misguided.  The Court in *Xia* cited to *Kent Farms* in connection with the definition of pollutants, and did not discuss or refer to the language of the exclusion at issue in that case in connection with its discussion of efficient proximate cause.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Xia* case to suggest that it was abrogating long-standing Washington law on the broad application of "arising out of" exclusions to coverage.  In this case, there can be no question that the asbestos-related damage to the school is alleged to have "arisen out of" the work that Cobra did in the bathrooms and therefore the Asbestos Exclusion precludes coverage.

### C. Even if an Efficient Proximate Cause Analysis is Performed, the Asbestos Exclusion Precludes Coverage for the Asbestos Related Damages

Notwithstanding the foregoing arguments, even if the Court were to perform an efficient proximate cause analysis, which Washington law does not support, the Asbestos Exclusion would still apply.  In deciding *Xia*, the Washington Supreme Court specifically considered the impact that the efficient proximate cause analysis might have on the scope of exclusionary language.  The Court endorsed the idea that when there are no covered perils prior to the polluting event the exclusion would still apply.  Notably, the Court acknowledged:

> ProBuilders contends that application of the efficient proximate cause rule would defeat the exclusion entirely, arguing that all acts of unintentional pollution begin with negligence. This is not so, and application of the rule may be harmonized with Washington's prior pollution exclusion jurisprudence.  In *Cook*, the initial peril that set in motion the causal chain was the polluting event: the application of a chemical sealant.  Up until the point of using the sealant and creating the toxic fumes, no negligent act had occurred.  Rather, the negligence in permitting the fumes to migrate occurred after the fumes had been created intentionally….  Similarly, in *Quadrant*, the initial peril that set in motion the causal chain was also the application of a chemical sealant, which was toxic even when used as intended.  There were no covered perils prior to the release of a pollutant acting as a pollutant.  As such, application of the efficient proximate cause rule in both cases would have led to the same outcome.

*Xia*, 188 Wn.2d at 188 (internal citations omitted).

As explained by the Supreme Court in *Xia*, if the initial peril upon which coverage is based is the polluting event, the pollution exclusion applies.  *Id*.   In *Xia* the Court cited to *Quadrant Corp. v. American States Insurance Co.*, 154 Wn.2d 165 (2005) and *Cook v. Evanson*, 83 Wn. App. 149 (1996), as examples of the efficient proximate cause analysis still resulting in the application of the pollution exclusion.  As the Court noted, in both *Cook* and *Quadrant*,

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

"[t]here were no covered perils prior to the release of a pollutant acting as a pollutant. As such, the application of the efficient proximate cause rule in both cases would have led to the same outcome." *Xia*, 188 Wn.2d at 188.

The same logic that the Court employed in applying its efficient proximate analysis to *Cook* and *Quadrant* applies equally to this case. Here, the allegation is that Cobra negligently removed hard fittings that contained asbestos and dropped them into the wall cavity causing the release and dispersal of asbestos throughout the school. This work was the cause of the release of asbestos and the asbestos-related damages claimed. There was no other alleged event that caused the release of asbestos. Thus, even if an efficient proximate cause analysis were performed, the Asbestos Exclusion would apply to preclude coverage because the "covered peril" at issue (work on the bathroom fittings) was the asbestos-releasing event that caused the damage.

## II.     CONCLUSION

For the foregoing reasons, Travelers requests that the Court enter partial summary judgment (a) declaring that the Travelers Policies do not provide coverage for those damages in the Underlying Action that are arising out of the discharge or dispersal of asbestos, asbestos fibers or asbestos containing materials; and (b) on Beresford's Counterclaim seeking coverage for damages arising out of the discharge of asbestos, asbestos fibers and asbestos containing materials.

DATED this 30th day of April, 2021.

**Davis Wright Tremaine LLP**
Attorneys for The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America

By  *s/ Everett W. Jack, Jr.*
    Everett W. Jack, Jr., WSBA No. 47076
    1300 SW Fifth Avenue, Suite 2400
    Portland, OR  97201-5610
    Telephone: 503-778-5218
    Fax: 503-778-5299
    E-mail: jacke@dwt.com

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT (2:21-cv-00093-RSM) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5

By  *s/ Nancy A. Brownstein*
Nancy A. Brownstein, WSBA No. 50150
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Fax: 206-757-7700
Email: nancybrownstein@dwt.com

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY
JUDGMENT (2:21-cv-00093-RSM) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax