UNITED STATES DISTRICT COURT
WESTER DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiffs,<br>v.<br>CHAS. H. BERESFORD CO., INC., and CHARLES H. BERESFORD CO., INC., Washington corporations,<br><br>Defendants. | NO.  2:21-cv-00093-RSM<br><br>BERESFORD'S SURREPLY TO STRIKE NEW MATERIAL IN TRAVELERS' REPLY<br><br>NOTE ON MOTION CALENDAR: April 30, 2021 |

Chas. H. Beresford Co., Inc. and Charles H. Beresford Co., Inc. ("Beresford") requests that the new arguments raised by The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America (collectively "Travelers") in their reply be stricken.

The Local Civil Rules limit the filing of a surreply.  See Local Rules W.D. Wash. LCR 7(g). A party "may file a surreply requesting that the court strike" "material contained in or attached to a reply brief." *Id*. The surreply "shall be strictly limited to addressing the request to strike," and "[e]xtraneous argument or a surreply filed for any other reason will not be considered." *Id*. LCR 7(g)(2).

BERESFORD'S SURREPLY TO STRIKE NEW
MATERIAL IN TRAVELERS' REPLY - 1

A. Shawn Hicks
*Attorneys at Law*
800 Fifth Avenue
Suite 3825
Seattle, WA 98104
(206) 812-1414
fax: (206) 812-1418

In Travelers' Reply, it was "not acceptable legal practice to present new evidence or new argument in a reply brief." *Roth v. BASF Corp.*, C07-0106MJP, 2008 U.S. Dist. LEXIS 41047, 2008 WL 2148803, at *3 (W.D. Wash. May 21, 2008); see also *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be introduced in a reply brief."); *Bridgham-Morrison v. Nat'l Gen. Assur. Co.*, C15-0927RAJ, 2015 U.S. Dist. LEXIS 183214, 2015 WL 12712762, at *2 (W.D. Wash. Nov. 16, 2015) ("For obvious reasons, new arguments and evidence presented for the first time on Reply . . . are generally waived or ignored."); *United Specialty Ins. Co. v. Shot Shakers, Inc.*, 2019 U.S. Dist. LEXIS 7463, *15-18, 2019 WL 199645.

As required by LCR 7(g)(1), Beresford sent Travelers a notice of intent to file a surreply as soon as practical, in this case on Monday, May 3, 2020, just one court day after Travelers' Reply was filed.

In Travelers' Motion, they had argued that "an efficient proximate cause analysis under *Xia v. ProBuilders Specialty Insurance Co.*, 188 Wn.2d 171 (2017) . . . **is unnecessary**" because "exclusions employing "arising out of" language for application of the exclusion are not the proper subject of an efficient proximate cause analysis."[1] As a result, Travelers made no efficient proximate cause argument in their Motion.

In Travelers' Reply, they asserted two new efficient proximate cause arguments not presented in their Motion. In their Reply, Travelers first new argument was that all of Cobra's alleged negligent acts were supposedly only <u>one</u> negligent event, the polluting event, so the efficient proximate cause does not apply.[2] In support of that new argument, Travelers cited five new cases not mentioned in their Motion. Travelers' Reply discussed four of those new cases at length. Travelers'

---

[1] Dkt 12, Motion, page 9, ln 12 – 16.
[2] Dkt 17, Reply, page 2 ln 2 and page 2 ln 16 to page 6 ln 5.

BERESFORD'S SURREPLY TO STRIKE NEW
MATERIAL IN TRAVELERS' REPLY - 2

A. Shawn Hicks
*Attorneys at Law*
800 Fifth Avenue
Suite 3825
Seattle, WA 98104
(206) 812-1414
fax: (206) 812-1418

Reply then made the false factual contention that "[a]ll of Cobra's work was one event."[3] Travelers' new argument must be stricken.

Travelers second new argument was that "even if the Court were to perform an efficient proximate cause analysis," "the initial peril upon which coverage is based is the polluting event, [so] the pollution exclusion applies."[4] Travelers' Reply then made the false factual contention that Cobra's first alleged negligent act leading to the release of asbestos was when Cobra "removed hard fittings that contained asbestos and dropped them into the wall cavity."[5] Travelers' new argument must be stricken.

DATED this _4th__ day of May, 2021

By /s A. Shawn Hicks
A. Shawn Hicks, WSB No. 14734
Law office of A. Shawn Hicks
800 Fifth Ave., STE 3825
Seattle, WA 98104
Telephone: (206) 812-1414
Fax: (206) 812-1418
Email: shawnhicks@att.net
Attorneys for Beresford

---

[3] Dkt 17, Reply, page 4, ln 26.
[4] Dkt 17, Reply page 8 ln 7 to page 9 ln 12. The new argument was also made at page 2, ln 7 to 10.
[5] Dkt 17, Reply, page 4, ln 26.

BERESFORD'S SURREPLY TO STRIKE NEW
MATERIAL IN TRAVELERS' REPLY - 3

A. Shawn Hicks
*Attorneys at Law*
800 Fifth Avenue
Suite 3825
Seattle, WA 98104
(206) 812-1414
fax: (206) 812-1418

## DECLARATION OF SERVICE

The undersigned hereby declares under penalty of perjury under the laws of the United States of America, that on this day, he served a copy of the foregoing document upon plaintiffs' counsel of record via email, as follows:

Everett W. Jack, Jr
Davis Wright Tremaine, LLP
1300 S.W. Fifth Ave., Ste. 2400
Portland, OR 97201
jacke@dwt.com

Nancy A. Brownstein
Davis Wright Tremaine, LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
nancybrownstein@dwt.com

Dated this _4th_ day of May, 2021, at Henderson, Nevada

By /s A. Shawn Hicks
A. Shawn Hicks

BERESFORD'S SURREPLY TO STRIKE NEW
MATERIAL IN TRAVELERS' REPLY - 4

A. Shawn Hicks
*Attorneys at Law*
800 Fifth Avenue
Suite 3825
Seattle, WA 98104
(206) 812-1414
fax: (206) 812-1418