UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>CHAS. H. BERESFORD CO., INC., and CHARLES H. BERESFORD CO., INC., Washington corporations,<br><br>Defendants. | CASE NO. C21-93RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.      INTRODUCTION

This is an insurance coverage action in which the Plaintiffs, the Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America (together "Travelers"), assert that insurance coverage is not available to the Defendants, Chas. H. Beresford Co., Inc. and Charles H. Beresford Co., Inc. (together "Beresford"), for claims in the underlying lawsuit *Northshore School District v. Chas. H. Beresford Co., Inc.*, King County Superior Court No. 20-2-18141-2 SEA. Plaintiffs move for partial summary judgment. Dkt. #12. Defendants oppose. Dkt. #14. The Court has determined that oral argument is unnecessary. For the reasons stated below, the Court GRANTS Plaintiffs' Motion.

## II. BACKGROUND

Northshore School District's Amended Complaint in the underlying action states that it hired Beresford for a project at Lockwood Elementary School in Bothell, Washington. Dkt. #13, Declaration of Alex Wozniak ("Wozniak Decl.") Ex. 1, ¶¶ 5-16. The Project included the replacement of flooring throughout the school and upgrades to the school bathrooms. *Id*. Beresford did the flooring work and subcontracted the bathroom work out to Cobra Construction Company ("Cobra"). *Id*. While performing the bathroom work, Cobra "improperly and negligently disturbed asbestos containing materials ('ACM') in the bathroom wall cavities" of the school, and in doing so caused significant and extensive damage to the school by causing the release, discharge and dispersal of asbestos throughout the school. *Id*. at ¶ 28. As pled, on July 2, 2020, Northshore's environmental consultant identified asbestos in the restrooms and in other locations at the Project. *Id*. ¶¶ 30-35. It was determined that when Cobra performed its work, asbestos-containing hard fittings were removed from the piping and some were dropped into the wall cavities. *Id*. at ¶¶ 34, 39. Asbestos contamination was found in several rooms and the HVAC system. *Id*. at ¶¶ 41-43. Extensive cleaning, remediation and repairs would be required to eliminate the asbestos and remediate the damage throughout the school. *Id*. at ¶¶ 48-49. Northshore alleges that Beresford breached its contract by causing or allowing the asbestos disturbance and attendant property damage. *Id*. at ¶¶ 57-58.

On December 30, 2020, Beresford tendered the underlying action to Travelers for defense and indemnity under the Travelers Policies (as defined below). Wozniak Decl., Ex. 2. By letter dated January 25, 2021, Travelers denied there was any defense and indemnity coverage under the Travelers Policies based upon asbestos exclusions in the Travelers Policies, but nevertheless agreed to defend Beresford under a full reservation of rights. Wozniak Decl., Ex. 3. Travelers now concedes that in the Amended Complaint, Northshore has potentially

made a claim for damages that are not arising out of the discharge of asbestos contamination, (Wozniak Decl., Ex. 1 ¶¶ 24-27), and accordingly moves for partial summary judgment only as to claims related to asbestos contamination. Dkt. #12 at 3–4.

The Charter Oak Fire Insurance Company issued Policy No. Y-630-9N857616-COF-19, under which both defendants are named insureds. Wozniak Decl., Ex. 4. This Policy contains the following exclusion ("Asbestos Exclusion"):

> **s. Asbestos**
>
> (1) "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the "bodily injury" or "property damage" is caused or contributed to by the hazardous properties of asbestos.
>
> (2) "Bodily injury" or "property damage" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, and that are part of any claim or "suit" which also alleges any "bodily injury" or "property damage" described in Paragraph (1) above.
>
> (3) Any loss, cost or expense arising out of any:
>
> (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, asbestos, asbestos fibers or products containing asbestos; or
>
> (b) Claim or suit by or on behalf of any governmental authority or any other person or organization because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effect of, asbestos, asbestos fibers or products containing asbestos.

*Id*. at 100-101. Both defendants are also insureds under an Excess Follow-Form and Umbrella Liability Insurance Policy No. CUP-9N868772-19-14 (the "Umbrella Policy") issued by

Travelers Property Casualty Company of America, which was also in effect from October 31, 2019 to October 31, 2020. Wozniak Decl., Ex. 5. Coverage under this policy is subject to essentially the same asbestos exclusion as the underlying insurance. *Id*. at 8, 14.

### III.   DISCUSSION

#### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

#### B. Analysis

Travelers seeks a Court ruling that no coverage is provided for damages sought in the Underlying Action arising out of the discharge or dispersal of asbestos. Dkt. #12 at 7.

Beresford seeks a ruling in favor of coverage, relying on the efficient proximate cause rule as stated in *Xia v ProBuilders Specialty Ins. Co.*, 188 Wn.2d 171, 700 P.3d 1234 (2017). To obtain such a ruling, an insured must establish that a covered occurrence caused an excluded occurrence. Therefore, Beresford frames the damage to Lockwood thusly:

> During Cobra's bathroom work, Cobra allegedly improperly and without authorization removed "hard fittings" from the school, causing damage the wall cavities and pipes owned by the School District. During the course of Cobra's bathroom work, Cobra allegedly improperly and without authorization discarded "hard fittings" within the wall cavities belonging to the School District. Cobra's alleged unauthorized and improper actions caused property damage, which the School District characterized as the "Initial Damage to Lockwood Elementary." As a result of Cobra's alleged "Initial Damage to Lockwood Elementary," Cobra's actions allegedly set in motion a causal chain, the last link of which was Cobra allegedly "improperly and negligently disturb[ing] asbestos containing materials ("ACM") in the bathroom wall cavities."

Dkt. #14 at 2–3 (footnotes omitted). Later, Beresford characterizes the Underlying Action as alleging "negligent construction" or "initial negligent installation of plumbing," covered by the policy. *Id*. at 8.

On Reply, Travelers argues that Beresford "strains to contend that a loss that was clearly caused by the presence of asbestos was actually caused by some other 'covered peril that was the efficient proximate cause of all of the damages sought by the Northshore School District.'" Dkt. #17 at 1. Travelers argues that there was not more than one event that caused the damage at issue here—no sequence of events or causal chain. Travelers also argues that "even if an efficient proximate cause analysis were required and performed, the Asbestos Exclusion would still apply to preclude coverage because the 'initial' asbestos-releasing event was the alleged negligent work in removing asbestos while working on the bathroom pipes and is not a covered peril." *Id.* at 2.

When a lawsuit includes both covered and uncovered matters, the "efficient proximate cause" rule provides coverage "where a covered peril sets in motion a causal chain, the last link of which is an uncovered peril." *Xia*, 188 Wn.2d at 182-83. In other words, "[i]f the initial event, the 'efficient proximate cause,' is a covered peril, then there is coverage under the policy regardless [of] whether subsequent events within the chain, which may be causes-in-fact of the loss, are excluded by the policy." *Id*. In *Xia*, the insured negligently installed a hot water heater (a covered peril) which spewed forth toxic levels of carbon monoxide (an excluded pollution peril) into Xia's home. By applying the efficient proximate cause rule, the court held that the insurance policy provided coverage for the loss. The excluded polluting occurrence happened "only after an initial covered occurrence, which was the negligent installation of a hot water heater that typically does not pollute when used as intended." *Id*. at 185.

The Court agrees with Travelers that the Underlying Action alleges a single event—when Cobra improperly stripped hard fittings containing ACM and dropped them to the bottom of the wall cavities. As alleged, there was only one event that caused the school to be contaminated with asbestos. There was no preceding or subsequent event, and therefore the efficient proximate cause analysis does not apply. *See Whitney Equip. Co., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 431 F. Supp. 3d 1223, 1231 (W.D. Wash. 2020) (where there is only one peril, the insured may not avoid a clear and unambiguous exclusion). Beresford makes hay of "initial damage" and "asbestos disturbance and associated property damage," two headings in Northshore's Amended Complaint in the underlying action. *See* Wozniak Decl., Ex. 1 at ¶¶ 24 - 28. The headings chosen by Northshore's counsel are not facts, nor are they persuasive arguments. Northshore alleges under the first heading that the stripping of the hard fittings and dropping them into the wall cavities "damaged the existing conditions within the wall cavities." *Id*. The word "initial" does not indicate that anyone is alleging that the walls were damaged

before the asbestos was disbursed. Perhaps it indicates that the damage to the walls was initially discovered before the asbestos was detected.

Even if the Court were to apply the efficient proximate cause analysis found in *Xia*, the Court would find that the asbestos exclusion here applies because the initial peril is Cobra's asbestos disbursement, not wall damage, negligent construction, or negligent installation of plumbing. No one alleges that the damage to the walls from discarded hard fittings caused the asbestos damage; the asbestos was in the hard fittings. Given all of the above, Travelers' Motion should be granted in its entirety.

The Court has reviewed Beresford's Surreply, Dkt. #18. The Court finds no basis to strike argument contained in the Reply. Travelers is entitled to cite to new cases in response to arguments raised in Beresford's Response brief. In any event, Travelers' arguments on Reply are not new arguments and simply respond to Beresford's arguments in the Response brief.

## IV.  CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Partial Summary Judgment, Dkt. #12, is GRANTED. The Travelers Policies do not provide coverage for those damages in the Underlying Action that are arising out of the discharge or dispersal of asbestos, asbestos fibers or asbestos containing materials. That portion of Beresford's Counterclaim seeking coverage for such damages is DISMISSED.

DATED this 14th day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE